IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ) <br> ) <br> BREDRICK FARR, ) <br> ) <br> ) <br> Petitioner. ) <br> _____ ) | No. C 06-5308 MMC (PR) <br><br> **ORDER GRANTING REQUEST FOR VOLUNTARY DISMISSAL; DENYING MOTION FOR STAY AND ABEYANCE** <br><br> **(Docket Nos. 3 & 4)** |

On August 29, 2006, petitioner, a California prisoner proceeding pro se, filed in this court a form Application for Leave to File Second or Successive Petition. The court identified at the top of the form is the United States Court of Appeals for the Ninth Circuit. An application for leave to file a second or successive petition must be filed in the court of appeals, not in the district court. See 28 U.S.C. § 2244(b)(3)(A)-(C).

On September 27, 2006, petitioner filed a "Request to Withdraw Petition," in which he seeks dismissal of the instant action without prejudice in light of the continued pendency of his claims in state court. Pursuant to Rule 41 of the Federal Rules of Civil Procedure, a party bringing an action has the absolute right to dismiss such action by filing a notice of dismissal "at any time before service by the adverse party of an answer or of a motion for summary judgment." See Fed. R. Civ. P. 41(a)(1)(i). As no respondent has been identified, let alone filed a response, petitioner's request for voluntary dismissal of the above-titled action is hereby GRANTED, and said action is hereby DISMISSED without prejudice to petitioner's renewing his application in the court of appeals or filing a new federal habeas

petition in this court after available state remedies have been exhausted..

On September 29, 2006, shortly after filing his request to withdraw the "petition," petitioner filed a Request for Stay and Abeyance, in which petitioner states he has not exhausted the claims therein and therefore seeks to have the instant action stayed during the time he presents his claims to the state courts. The United States Supreme Court has held that a district court may stay a mixed habeas petition to allow the petitioner to exhaust in state court. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). A district court does not have discretion to stay a petition containing only unexhausted claims, however. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). In any event, as noted above, there is no "petition" before this court. Accordingly, petitioner's request for a stay and abeyance of this matter is hereby DENIED. Once petitioner has exhausted his claims in the state courts, he may file a new petition in this court containing his exhausted claims.

This order terminates Docket Nos. 3 and 4.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: October 27, 2006

_____
MAXINE M. CHESNEY
United States District Judge